UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:18-cv-60719-WPD

RICHARD BETTOR,

    Plaintiff,

vs.

CITY OF PLANTATION and PENN
CREDIT CORPORATION, a Foreign
Profit Corporation,

    Defendants.
_____/

### DEFENDANT, CITY OF PLANTATION'S MOTION
### TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, CITY OF PLANTATION ("City"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), and this Court's Local Rules, and requests entry of an order dismissing Plaintiff's Complaint with prejudice, and states:

    **I.**    **Motion to dismiss**

        **A.**    **Plaintiff has failed to state a claim upon which relief can be granted**

Plaintiff, RICHARD BETTOR, has sued the City for a purported violation of the Florida Consumer Collection Practices Act ("the Act"). See §§ 559.55-559.785, Fla. Stat. (2018), see also, Complaint, DE 1-3 at ¶ 24. Specifically, Plaintiff alleges the City "claimed, attempted, or threatened to enforce a debt when Defendant knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant knew that the right did not exist." See id at ¶ 23. Plaintiff has

demanded an award of purely economic damages in response to the alleged violation of the Act by the City. Plaintiff's Complaint fails to state a claim upon which relief can be granted against the City because the City is entitled to sovereign immunity as a matter of law for the claims set forth by the Plaintiff.

WHEREFORE, Defendant CITY OF PLANTATION requests entry of an Order dismissing Plaintiff RICHARD BETTOR'S Complaint with prejudice, together with such other and further relief deemed just and proper.

## II. Memorandum of law

### A. The City of Plantation is immune from suit under the Act

Plaintiff asserts that the City improperly attempted to collect a debt that the City knew was not legitimate in violation of the Act. But Plaintiff's claim under § 559.72, Fla. Stat., seeks purely economic damages in the form of a statutory penalty. See Complaint. As a matter of law, sovereign immunity has **not** been waived for purely economic torts against a governmental entity since those claims do not involve a personal injury or some property damage. See County of Brevard v. Miorelli Engineering, Inc., 677 So. 2d 32, 34 (Fla. 5th DCA 1996), quashed on other grounds, 703 So. 2d 1049 (Fla. 1997). In **Miorelli**, the court held that summary judgment should have been entered in favor of Brevard County on the plaintiff's fraud in the inducement claim because sovereign immunity prevented the assertion of such a claim against the sovereign. See id. at 34. In analyzing the limited waiver of sovereign immunity provided under section 768.28, Florida Statutes, the court observed:

> *The legislature has waived sovereign immunity in tort for personal injury, wrongful death, and injury or loss of property. See §768.28, Fla. Stat. (1995).* ***Fraud in the inducement causing only economic loss does not fit within any of those categories***

> ***of injury or loss enumerated in the statute. ... Sovereign immunity has not been waived as to this type of tort,*** *so the trial court erred in not granting the county's motion for summary judgment as to that count.*

Id. (emphasis added).

The Complaint here asserts no claim for personal injury, wrongful death, or property damage as required under section 768.28, Florida Statues, to escape the bar of sovereign immunity. Instead, the Complaint alleges only an economic loss in the form of statutory damages. See Complaint, generally.

Such a purely economic claim fails to trigger a waiver of sovereign immunity as required by section 768.28, Florida Statutes: "*... the state, for itself and for its agencies and subdivisions, hereby waives sovereign immunity for liability in torts, but only to the extent specified in this act. Actions at law ... for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision ... may be prosecuted subject to the limitations specified in this act.*"). Because sovereign immunity protects the City as a matter of law, the Complaint must be dismissed.

The City anticipates that in an effort to avoid the application of sovereign immunity, Plaintiff will argue that the legislature has created other statutory claims, and that courts have found that sovereign immunity has been waived for these statutory claims. The City acknowledges that the legislature has specifically waived sovereign immunity for other statutory claims. See, e.g., § 112.3187, Fla. Stat. (2018) ("Whistleblower's Act"), § 440.205, Fla. Stat. (2018) ("Workers' Compensation Coercion"), and §§ 760.01-760.10, Fla. Stat. (2018) ("Florida Civil Rights Act"). However, Plaintiff's anticipated reliance upon the above statutes is misplaced. The text of each of

these statutes is significantly different than the statute at issue. These differences support the City's position that sovereign immunity has not been waived for a violation of §559.72, Fla. Stat. (2018).

The Florida Supreme Court has previously addressed the question of whether sovereign immunity has been waived for the Whistle-blower's Act, the Worker's Compensation Coercion Act, and the Florida Civil Rights Act. See <u>Irven v.Department of Health and Rehabilitative Services</u>,790 So. 2d 405 (Fla. 2001), <u>Maggio v. Fla. Dep't of Labor and Employ Sec.</u>,899 So. 2d 1074 (Fla. 2005), and <u>Bifulco v. Patient Bus.& Fin. Servs.</u>,39 So. 3d 1255 (Fla. 2010). In each case, the Florida Supreme Court found that the statutes included specific provisions, drafted by the legislature, which contemplated the statutes' application against a governmental entity. **In contrast, the legislature included no such waiver language in the Act.**

In <u>Maggio v. Fla. Dep't of Labor and Employ Sec.</u>,899 So. 2d 1074 (Fla. 2005), the Florida Supreme Court was asked to respond to a certified question of great importance: "*[a]re claims filed pursuant to the Florida Civil Rights Act of 1992 subject to the presuit notice requirements of section 768.28(6), Florida Statutes (2003)?*" Id. at 1074. The Court answered the question in the negative finding that the Florida Civil Rights Act contained its own legislatively-drafted waiver of sovereign immunity:

> *Under the Act, the term "employer" is defined to mean "any person employing 15 or more employees . . . and any agent of such person." 5C 760.02(7), Fla. Stat. (2003) (emphasis added).* **The Act further defines "person" to include "the state; or any governmental entity or agency." § 760.02(6), Fla. Stat. (2003). The inclusion of the State in the definition of "person" and, hence, "employer"evidences a clear, specific, and unequivocal intent to waive sovereign immunity.**

Id. at 1078-79 (emphasis added).

Similarly, in Bifulco v. Patient Bus. & Fin. Servs., 39 So. 3d 1255 (Fla. 2010), the Florida Supreme Court determined that worker's compensation retaliation claims brought against the state are not subject to the presuit notice requirements of section 768,28(6). Again, the Court based its decision on the fact that §440.02, Florida Statutes, contained its own legislatively-drafted waiver of sovereign immunity:

> *Section 440.02(16)(a), Florida Statutes (2004), defines* ***"Employer" to include "the state and all political subdivisions thereof [and] all public and quasi-public corporations therein."*** *And section 440.03, Florida Statutes (2004), provides that "[e]very employer and employee as defined in s. 440.02 shall be bound by the provisions of this chapter." Therefore,* ***under the plain language of the Workers' Compensation Law, actions for workers' compensation retaliation are authorized against the State and any of its subdivisions, as employers. By enacting chapter 440, the Legislature waived sovereign immunity for workers' compensation retaliation claims when the State and its subdivisions are acting as employers.***

Id. at 1257 (emphasis added); see also Irven v. Department of Health and Rehabilitative Services, 790 So. 2d 405 (Fla. 2001) ("it is clear to us that the "Whistle-Blower's Act,"...clearly and unequivocally waives sovereign immunity for the purposes of the "Remedies" and "Relief" afforded by subsections 112.3187(8) and (9)").

In Maggio, Bifulco, and Irven, the Florida Supreme Court consistently analyzed the text of the applicable statutes to determine whether specific language appearing in the statute provided an independent basis for finding a waiver of sovereign immunity. In each instance, the Court found an independent waiver of sovereign immunity in the statutory text. The City invites the court to perform the same analysis of section 559.77, Fla. Stat. (2018):

> (1)   ***A debtor may bring a civil action against a person violating the provisions of s. 559.72*** *in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred.*
>
> (2)   ***Any person who fails to comply with any provision of s.559.72 is liable for actual damages and for additional statutory damages as the court may allow, but***

> ***not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.*** *In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. In a class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000.* ***The court may award punitive damages and may provide such equitable relief as it deems necessary or proper****, including enjoining the defendant from further violations of this part. If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant.*

§559.77, Fla. Stat. (2018) (emphasis added).

If the Court applies the same reasoning that the Florida Supreme Court applied in <u>Maggio</u>, <u>Bifulco</u>, and <u>Irven</u>, the clear result is that because §559.77 does not include an independent legislatively-drafted waiver of sovereign immunity, Plaintiff's claim in this matter is barred by sovereign immunity. First, **nowhere** in the text of the Act does the Florida legislature include the "state" or "governmental entities" as potential defendants. And unlike the Florida Civil Rights Act, the Act does **not** define "person" to include the state or governmental entities.  <u>See</u> §559.55, Fla. Stat. (2018). This glaring omission distinguishes section 559.77 from the other statutory claims where sovereign immunity has been waived.

Second, section 559.77 provides only for the recovery of economic damages to Plaintiff. As stated unambiguously in <u>Miorelli</u>, sovereign immunity has not been waived for such a purely economic tort. <u>See</u> <u>Miorelli</u>,677 So. 2d at 34. Third, §559.77 specifically authorizes punitive damages which the legislature has determined are **never** recoverable against a governmental entity. See § 768.28(5), Fla. Stat. (2018)("*The state and its agencies and subdivisions shall be liable for tort*

*claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment."*)(emphasis added). The Court must construe the legislature's intent in the same manner as the Supreme Court in <u>Maggio</u> and <u>Bifulco</u>. Under that analysis, it is clear that sovereign immunity has not been waived for violations of the Act. The Complaint must be dismissed.

WHEREFORE, Defendant, CITY OF PLANTATION, requests entry of an Order dismissing Plaintiff RICHARD BETTOR'S Complaint, with prejudice, for failure to state a claim upon which relief can be granted, together with such other and further relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant, City of Plantation**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Whjohnson@jambg.com

BY:  */s/W. Hampton Johnson IV*
     W. HAMPTON JOHNSON IV
     FL. BAR NO. 98607

## SERVICE LIST

**JORDAN A. SHAW, ESQ.**
ZEBERSKY PAYNE LLP
**Attorney for Plaintiff**
110 Tower
110 SE 6th Street, Suite 2150
Fort Lauderdale, FL 33301
jshaw@zpllp.com
kslaven@zpllp.com
mperez@zpllp.com

**CHARLES J. MCHALE, ESQ.**
GOLDEN SCAZ GAGAIN, PLLC
**Attorney for Penn Credit Corp.**
201 N. Armenia Ave.
Tampa, FL 33609
813-251-5500
cmchale@gsgfirm.com
dgolden@gsgfirm.com

**W. HAMPTON JOHNSON IV, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant, City**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
whjohnson@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)